UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2006-HE7 MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2006-HE7,<br><br>Plaintiff,<br><br>vs.<br><br>MARTHA GOMEZ, MIGUEL GOMEZ and DOES 1 THROUGH X, Inclusive,<br><br>Defendants. | Case No:  C 11-0569 SBA<br><br>**ORDER DISMISSING ACTION** |

On June 11, 2010, Plaintiff filed the instant unlawful detainer action in the Superior Court of California, County of Marin.  On February 7, 2010, Defendants Martha and Miguel Gomez removed the action to this Court.  On February 23, 2011, Plaintiff filed its motion to dismiss, or alternatively, to remand this action to state court.  Plaintiff has failed to oppose the motion.  For the reasons stated herein, the Court GRANTS Plaintiff's motion and DISMISSES WITH PREJUDICE the instant action.

The unlawful detainer complaint alleges that Marvin Martinez defaulted on the mortgage of certain residential property of which Defendants were occupants.  At the non-judicial foreclosure sale, Plaintiff purchased the property and then served Martinez and Defendants with a notice to quit.  When Martinez and Defendants failed to quit the property, Plaintiff filed the instant unlawful detainer action.  Plaintiff asserts that it served the complaint on Martinez and Defendants on June 15, 2010.  In state court, Defendants filed a motion to substitute for Martinez, which was granted on December 28, 2010.  On February 4, 2011, Plaintiff dismissed without prejudice the unlawful detainer action, resolving the action in its

entirety.  On February 7, 2011, Defendants removed the dismissed state court action to this Court.  Defendants' notice of removal alleges that Plaintiff, through its lawful detainer action, has violated a federal law entitled "S. 896 Sec. 702 Effect of Foreclosure on Preexisting Tenancy," and on that basis Defendants assert federal subject matter jurisdiction.  See Notice of Removal, Dkt. 1.  Plaintiff filed its motion to dismiss, or in the alternative, to remand on the grounds that (1) removal was improper because the state court action had already been dismissed; (2) removal was untimely; (3) federal question jurisdiction does not exist because the state unlawful detainer action does not present a federal question; and (4) diversity jurisdiction does not exist because the parties are not diverse and the matter in controversy does not exceed $75,000.

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...."  28 U.S.C. § 1441(a).  A defendant seeking to remove an action must do so within 30 days of having received the complaint.  28 U.S.C. § 1446(b).  Remand may be ordered for either lack of subject matter jurisdiction or any defect in the removal procedure.  See 28 U.S.C. § 1447(c).  A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999).  Moreover, the Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte.  Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998).

Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action

that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

For removal to be valid based on diversity jurisdiction, complete diversity of citizenship must exist. 28 U.S.C. § 1332(a); Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001). The defendant also must establish that the amount in controversy involved in the action exceeds $75,000 for diversity jurisdiction to exist. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants were served with the complaint on June 15, 2010. Defendants did not remove the action until February 4, 2011. Defendants removed well passed the 30-day requirement for removal. Consequently, Defendants removal was untimely. This procedural defect in removal provides the Court with grounds to remand the action.

Additionally, the Court has grounds to remand because no federal question subject matter jurisdiction exists. Defendants' notice of removal alleges that Plaintiff violated a federal law "S. 896 Sec. 702 Effect of Foreclosure on Preexisting Tenancy." Defendant asserts federal subject matter jurisdiction on this basis. Federal subject matter jurisdiction, however, is premised on the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction

1  Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  Defensive matters are not considered to
2  confer federal question jurisdiction for removal purposes: "a defendant may not remove a case
3  to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal
4  law."  Id. at 10 (emphasis in original).  In reviewing the complaint, it is readily apparent that
5  this case does not satisfy the jurisdictional requirements for federal question subject matter
6  jurisdiction.  Plaintiff's complaint is for unlawful detainer and does not assert any federal cause
7  of action.  Thus, at the time of removal, on the record presented, it is facially apparent that this
8  case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.
9         Removal of the unlawful detainer action also cannot be based in diversity jurisdiction.
10 The allegations in the unlawful detainer action do not explicitly state that the parties are
11 residents of different states and do not explicitly state an amount in controversy that exceeds
12 $75,000.  Without an opposition from Defendants showing diversity of citizenship and an
13 amount in controversy in excess of $75,000, the Court finds that subject matter jurisdiction of
14 the instant action cannot be based in diversity of citizenship, and the lack of such jurisdiction
15 provides grounds to remand.
16        While remand would normally be appropriate under these circumstances, Defendants
17 removed after the state court action was dismissed.  Defendants have failed to oppose
18 Plaintiff's motion, and therefore have not provided the Court with any information
19 contradicting Plaintiff's position that the state court action is no longer pending.  For these
20 reasons, the Court finds it appropriate to DISMISS WITH PREJUDICE the action.
21 Accordingly,
22        IT IS HEREBY ORDERED THAT the instant action is DISMISSED WITH
23 PREJUDICE.  The Clerk shall close this file and terminate all pending matters.
24        IT IS SO ORDERED.
25
26
27 Dated:  May 26, 2011                                  _____
                                                        SAUNDRA BROWN ARMSTRONG
28                                                      United States District Judge

- 4 -

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

DEUTSCHE BANK NATIONAL TRUST COMPANY et al,

       Plaintiff,

 v.

GOMEZ et al,

       Defendant.
                                     /

Case Number: CV11-00569 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 27, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Martha Gomez
475 Vista Del Mar
San Rafael, CA 94901

Miguel Gomez
475 Vista Del Mar
San Rafael, CA 94901

Dated: May 27, 2011

                                     Richard W. Wieking, Clerk

                                     By: LISA R CLARK, Deputy Clerk